IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN ERON STANFORD,

                    Plaintiff,

    v.                                                 OPINION and ORDER

MICHAEL WENZEL, BONNIE ALT, MARIROSE           23-cv-604-jdp
HOWELL, and JOHN and JANE DOES,

                    Defendants.

---

      Plaintiff Stephen Eron Stanford, proceeding without counsel, alleged that defendants provided inadequate medical care for a severe gallbladder infection that ultimately required surgery. Dkt. 1. Stanford is currently incarcerated at Green Bay Correctional Institution (GBCI), but the events at issue occurred at Columbia Correctional Institution (CCI) from August 23, 2020, to September 4, 2020. *See id.* at 2. Stanford proceeds on an Eighth Amendment medical care claim. Dkt. 10.

      Defendants Wenzel, Alt, and Howell have moved for summary judgment. Dkt. 17. I will grant the motion and dismiss this case without prejudice because Stanford failed to exhaust his administrative remedies. The failure to exhaust also covers the unnamed Doe defendants, who are also CCI staff who participated in the events at issue. Dismissal of the Doe defendants would also be appropriate because Stanford failed to file an amended complaint identifying them by the court-ordered deadline. Dkt. 15 at 5.

## PLRA EXHAUSTION REQUIREMENTS

      Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

"Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. As relevant here, a prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." *Id.* A prisoner "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

BACKGROUND FACTS

Stanford filed an inmate complaint relating to his federal claims that was signed October 7 and received on October 9, 2020. Dkt. 19-5 at 2–3. The inmate complaint gave the dates of the incident as August 23, 2020, to September 4, 2020. *Id.* at 2. That complaint was returned for failure to include a signature even though Stanford had signed it. *See* Dkt. 19 ¶ 13; Dkt. 19-5 at 3. Stanford signed a similar inmate complaint that was received on October 19, 2020. Dkt. 19-2 at 8–9.

The institution complaint examiner, R. Pyfferoen, rejected the second inmate complaint as untimely because Stanford filed it beyond the 14-day time limit. *Id.* at 2 (citing Wis. Admin. Code DOC § 310.07(2)). Pyfferoen determined that Stanford hadn't asked for permission to file his inmate complaint late or make a "plea for good cause." *Id.* Pyfferoen also determined that Stanford hadn't presented evidence showing that he was "denied the use of or inhibited in any way from using the [inmate complaint review system] since the date of the occurrence." *Id.* Pyfferoen concluded that Stanford didn't show good cause for his late inmate complaint. *Id.* The reviewing authority concluded that Pyfferoen appropriately rejected the inmate complaint as untimely. *Id.* at 5.

Stanford's second complaint at least touched on his reasons for delay in filing. He wrote that he was severely ill when he was transferred to GBCI on September 4, 2020. *Id.* at 8–9. Stanford wrote that he was transported to the hospital on September 5, 2020, where he stayed for six days. *Id.* at 9.

ANALYSIS

The events underlying Stanford's claims ended on September 4, 2020, so he had to file an inmate complaint by September 18, 2020. Stanford went to the hospital immediately after arriving at GBCI, and he stayed there until September 8, 2020. *See* Dkt. 24 ¶ 9; Dkt. 24-1 at 1. So, the critical question is whether administrative remedies were available to Stanford from September 8 to September 18 of that year.

Defendants have shown that they were. Stanford didn't present any evidence, either during the administrative process or in this case, that he was incapable of filing an inmate complaint when he returned to GBCI from the hospital. And ten days gave Stanford enough time to draft an inmate complaint based on facts that he already knew at that point. So even if Stanford were credited with a timely filing of his original complaint on October 7, 2020, he was already too late. And ultimately, his second complaint was rejected because that one was untimely.

Stanford raises new excuses for his late inmate complaint in his brief in opposition to the motion for summary judgment. Stanford contends that, after returning from the hospital, he was: (1) segregated and subject to a property restriction; and (2) severely ill. Dkt. 20 at 2, 4–5. But § 310.07(2) of the Wisconsin Administrative Code required Stanford to show good cause for his late filing *in the inmate complaint*. That requirement gives the institution the opportunity to consider or investigate the circumstances of the filing and, potentially, accept the late complaint. But raising these allegations here for the first time makes it much more difficult to determine the validity of any excuse. Reasons provided in later litigation do not overcome the failure to allege those reasons in the inmate complaint itself, as required by § 310.07(2). *See Fitzpatrick v. Fruehbrodt,* 843 F. App'x 814, 815 (7th Cir. 2021); *Shaw v.*

*Bohnsack*, No. 23-cv-5-jdp, 2024 WL 688529, at *1 (W.D. Wis. Feb. 20, 2024); *Gibson v. Chester*, No. 19-cv-45, 2020 WL 5716055, at *6 (E.D. Wis. Sept. 24, 2020).

Stanford's new excuses are inadequate for another reason: they aren't supported with admissible evidence. The court instructed Stanford that he had to submit affidavits or exhibits to oppose a motion for summary judgment on exhaustion grounds. Dkt. 15 at 6; *see also Bell v. Reusch*, 326 F. App'x 391, 393 (7th Cir. 2009) (prisoner opposing motion for summary judgment on exhaustion grounds must submit evidence, which includes affidavits, to support his assertions). Stanford submitted only his brief in opposition, which isn't signed under penalty of perjury. Stanford's unsworn brief in opposition isn't admissible evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (affirming district court's grant of summary judgment on exhaustion grounds, partly because "the conclusory arguments in [the prisoner's] brief opposing summary judgment were not supported by admissible evidence"); *DeBruyne v. Equitable Life Assur. Soc. of U.S.*, 920 F.2d 457, 471 (7th Cir. 1990) (affidavit that isn't notarized or signed under penalty of perjury isn't admissible evidence); *Gonzales v. Brevard*, 531 F. Supp. 2d 1019, 1022 (W.D. Wis. 2008) ("[T]estimonial statements . . . must be set forth in an affidavit that is properly notarized or in which statements are declared to be true under penalty of perjury . . . .").

And even if I accepted the statements in Stanford's brief in opposition as evidence, it doesn't help him. Even if Stanford was segregated in September and October 2020, he filed inmate complaints during that period. *See* Dkt. 24 ¶ 13; 24-2 at 2; *see also Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019) (administrative process was available to prisoner who continued to use it while segregated). Stanford prepared one of those complaints on September 25, 2020, Dkt. 24-3 at 6, showing that he was able to file complaints by that date. But Stanford

waited another two weeks, until October 9, 2020, to submit the first inmate complaint relating to his federal claims. Stanford's 14-day deadline had expired on September 18, 2020, so he should have shown more urgency to exhaust administrative remedies. *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (prisoner opposing motion for summary judgment on exhaustion grounds had to present evidence that "he had indeed exhausted his available administrative remedies by filing a grievance as soon as it was reasonably possible for him to do so").

Defendants have shown that Stanford failed to exhaust available administrative remedies. I will grant defendants' motion and I will dismiss this case without prejudice.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 17, is GRANTED, with the result that plaintiff Stephen Eron Stanford's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered September 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge